**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERTO ANTONIO AVILA PERLA, | Case No. 1:26-cv-05105-JLT-HBK |
| Petitioner, | ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE |
| v. | |
| TONYA ANDREWS, et al., | |
| Respondents. | (Docs. 1, 2) |

## I.     INTRODUCTION

Before the Court is Roberto Antonio Avila Perla's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed an opposition to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (Doc. 7 at 1–2.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack

by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 14.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

### III.    BACKGROUND

Petitioner is an 18-year-old from El Salvador who entered the United States in May2019, seven years ago. (Doc. 1 at 11, ¶¶ 45, 47). Petitioner was apprehended by Customs and Border Protection and was released on his own recognizance on or about May 11, 2019. (*Id*. at ¶ 48). Shortly thereafter, Petitioner was issued a Notice to Appear in Sacramento, California. (Doc. 7 at 6.)

On September 13, 2023, a Judge for the Superior Court of California, County of Sacramento, granted Petitioner's parentage petition and issued Special Immigrant Juvenile Findings. (Doc. 1 at 11, ¶ 49.) On October 18, 2023, an Immigration Judge granted Petitioner's motion to administratively close his removal proceedings that were pending before the Executive Office for Immigration Review. (*Id*. at ¶ 50.) Petitioner has no criminal history and is not subject to a final order of removal. (*Id*.)

On June 29, 2026, Petitioner was detained by ICE and was subsequently transferred to Golden State Annex Detention Facility in McFarland, California, where he remains. (*Id*. at 11-12, ¶¶ 52-54.)

## IV.   DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7 at 1–2.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention under without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

For the foregoing reasons, the Court **ORDERS:**

1.      The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2.      The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3.      Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[1];

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of

3.      The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

4.      The Clerk of Court is directed to close this case.


IT IS SO ORDERED.

Dated:  July 11, 2026

_____
UNITED STATES DISTRICT JUDGE

---

such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.